**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000640
31-JUL-2026
07:58 AM
Dkt. 100 SO**

NO. CAAP-24-0000640

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
HOPE LOUISE CERMELJ, also known as
HOPE ALOHALANI CERMELJ, Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
NORTH KOHALA DIVISION
(CASE NO. 3DTC-24-219562)

SUMMARY DISPOSITION ORDER
(By: Wadsworth, Presiding Judge, Guidry and Gluck, JJ.)

On August 29, 2024, following a bench trial, the District Court of the Third Circuit, North Kohala Division (**District Court**) found self-represented Defendant-Appellant Hope Louise Cermelj (aka Hope Alohalani Cermelj) guilty of driving a motor vehicle without a license.[1] Cermelj timely appealed the Judgment. Cermelj's arguments on appeal are rather difficult to follow, but we construe her briefs as arguing that (1) the District Court did not have jurisdiction over her case, and (2) she was unconstitutionally denied her right to be represented by an attorney. Upon careful review of the record and the briefs submitted (including the Opening Brief and the

---

[1] The Honorable Jill Hasegawa presided.

Amended Opening Brief filed by Cermelj), and having given due consideration to the arguments advanced and the issues raised, we resolve Cermelj's contentions as follows, and affirm.

**Jurisdiction**: Cermelj first argues that she is a "sovereign and independent person of the occupied Kingdom of the HAWAIʻIAN ISLANDS," such that the District Court lacked jurisdiction over her. Cermelj made the same arguments in the District Court. Under State v. Lorenzo, 77 Hawaiʻi 219, 220, 883 P.2d 641, 642 (App. 1994), "the court's jurisdiction to consider matters brought before it is a question of law, which is subject to de novo review on appeal applying the 'right/wrong' standard." (Citations omitted.)

In State v. Fergerstrom, a defendant motorist was driving without a license and "refus[ed] to accept the legitimacy of the institutions established by the United States' federal government in Hawaiʻi, including establishment and maintenance of the State of Hawaiʻi." 106 Hawaiʻi 43, 45-46, 101 P.3d 652, 654-55 (App.), aff'd, 106 Hawaiʻi 41, 101 P.3d 225 (2004). This court held:

> [T]he State of Hawaiʻi has lawful jurisdiction over all persons operating motor vehicles on public roads or highways within the State of Hawaiʻi. Persons claiming to be citizens of the Kingdom of Hawaiʻi and not of the State of Hawaiʻi are not exempt from the laws of the State of Hawaiʻi applicable to all persons (citizens and non-citizens) operating motor vehicles on public roads and highways within the State of Hawaiʻi.

Id. at 55, 101 P.3d at 664. Moreover, HRS § 701-106(1)(a) (2014) provides that the State of Hawaiʻi has jurisdiction over matters occurring within the State. As such, the District Court properly exercised jurisdiction over Cermelj's case.

**Waiver of right to counsel**: The United States Constitution and the Hawaiʻi Constitution both provide a right to counsel for criminal defendants. See, e.g., Brewer v. Williams, 430 U.S. 387, 404 (1977) ("We have said that the right to counsel does not depend upon a request by the defendant . . . .

2

and that courts indulge in every reasonable presumption against waiver[.]"); State v. Dicks, 57 Haw. 46, 47, 549 P.2d 727, 729 (1976). However, "[t]he right to counsel is waivable when it is voluntarily and intelligently undertaken." Dicks, 57 Haw. at 48, 549 P.2d at 729. Moreover, defendants have the right to appear pro se and defend themselves. State v. Dickson, 4 Haw. App. 614, 618-19, 673 P.2d 1036, 1041 (App. 1983).

"When a defendant elects to proceed pro se, the record must indicate that the defendant was offered counsel, but he or she 'voluntarily, knowingly, and intelligently rejected the offer and waived that right.'" State v. Phua, 135 Hawai'i 504, 512, 353 P.3d 1046, 1054 (2015) (quoting Dickson, 4 Haw. App. at 619, 673 P.2d at 1041). "The trial court must ensure two requirements are met: first, the waiver of counsel is 'knowingly and intelligently' made, and second, 'the record is complete so as to reflect that waiver.'" Id. (quoting Dickson, 4 Haw. App. at 619, 673 P.2d at 1041).

Dickson outlined the necessary elements to ensure a knowing and voluntary waiver:

> The trial court should first examine the particular facts and circumstances relating to the defendant, such as the defendant's age, education, mental capacity, background and experience, and his conduct at the time of the alleged waiver. This is necessary to allow the trial court to determine the level and depth to which its explanation and inquiry must extend.
>
> Secondly, in order to fully assure that the defendant is informed of the risks of self-representation, the trial court should make him aware of the nature of the charge, the elements of the offense, the pleas and defenses available, the punishments which may be imposed, and all other facts essential to a broad understanding of the whole matter.
>
> Finally, the trial court should inform the defendant: of his right to counsel, whether private or appointed; that self-representation is detrimental to himself; that he will be required to follow all technical rules and substantive, procedural, and evidentiary law; that the prosecution will be represented by able counsel; that a disruption of the trial could lead to vacation of the right to self-representation; and that if voluntary self-representation occurs, the defendant may not afterward claim that he had inadequate representation.

3

> The trial judge is not required to give the defendant a short course in criminal law and procedure, since a defendant's technical legal knowledge is not relevant to an assessment of his knowing exercise of the right to defend himself. However, the record should reflect some interchange on the above matters such as will indicate to a reviewing court that the defendant knew and understood the dangers and disadvantages of self-representation.

Dickson, 4 Haw. App. at 619–20, 673 P.2d at 1041–42 (cleaned up).

During a preliminary hearing on June 25, 2024, Cermelj repeatedly stated that she wished to waive her right to an attorney rather than accept the public defender who appeared with her. When the District Court stated that the public defender would speak with Cermelj after some other matters were discussed, Cermelj replied by saying "I am asking not for that to happen." The District Court followed up by asking, "Okay. You don't want to be represented[,]" and "So you want to waive your right to counsel. Is that correct?" and Cermelj replied, "Yeah, exactly."

The District Court then went through each of the items necessary to establish that Cermelj knowingly and voluntarily waived her right to counsel. The District Court had the following exchange with Cermelj:

> [THE COURT:] So, Ms. Cermelj, you understand that because you are being charged with an offense that includes a possible jail sentence, you have the constitutional right to be represented by an attorney.
>
> You understand?
>
> MS. CERMELJ: Yes.

The District Court then explained that it could appoint an attorney for Cermelj; although Cermelj's choice to pursue a sovereignty defense presented a conflict for the public defender, the District Court explained that a private attorney could be appointed to replace the public defender in representing Cermelj:

MS. CERMELJ: Okay. I was told by [the public defender] this morning that she does not represent Kingdom of the Hawaiian Islands sovereign people.

THE COURT: So if that is correct, it still means you do have the right to an attorney. So what will happen is the public defenders' office will file a withdrawal due to conflict. And the Court can appoint a private attorney to represent you.

. . . .

THE COURT: So what they will do is file a conflict. And we will appoint an attorney for you, a private attorney, who is not with the public defenders' office.

MS. CERMELJ: I don't want one.

THE COURT: Okay.

MS. CERMELJ: I'm going to defend myself, ma'am.

THE COURT: So I am asking you if you are waiving your right to have the attorney represent you? They have filed an appearance.

MS. CERMELJ: Yes. And I filled out the piece of paper.

THE COURT: Okay. So you do not want to be represented by an attorney?

MS. CERMELJ: No. Thank you.

The District Court continued its examination of Cermelj:

[THE COURT:] You understand the State is represented by an attorney?

MS. CERMELJ: Yes, the bar cardholder attorney, as well as her.

THE COURT: Okay. And you understand that if you were represented by an attorney, they will be able to file any motions on your behalf.

MS. CERMELJ: I already filed my motions.

THE COURT: I understand that. I'm explaining to you how an attorney can assist you.

MS. CERMELJ: I have done this so many times in so many courtrooms, ma'am. Hilo, Kona and this one.

THE COURT: Okay. But, Ms. Cermelj, you may have done it elsewhere, but not before me today. I still need to make a finding.

So in order to make a finding, I have to explain to you how an attorney can help you.

MS. CERMELJ: Okay. Understood. I know all this. Thank you. No need.

. . . .

[THE COURT:] So you understand an attorney would be able to assist you by filing any motions on your behalf?

MS. CERMELJ: They have a conflict of interest.

THE COURT: Okay. Ms. Cermelj --

MS. CERMELJ: I do understand, yes.

Go ahead, ma'am.

THE COURT: And you understand that if there are any defects in your case, your attorney could raise those issues?

MS. CERMELJ: Yes.

THE COURT: You understand the attorney could also negotiate with the State, also known as plea bargaining.

MS. CERMELJ: Yes, I understand.

THE COURT: Okay.

MS. CERMELJ: No need.

THE COURT: Which could result in a lesser --

MS. CERMELJ: No need.

THE COURT: Or dismissal of the charge.

MS. CERMELJ: Excellent.

Thank you, ma'am.

THE COURT: And you understand if I allow you to represent yourself, you're expected to follow all courtroom rules and procedures?

You understand that?

MS. CERMELJ: I do. Yes. Done this many times.

Cermelj told the District Court that she (Cermelj) reviewed the form entitled "DEFENDANT'S WAIVER OF RIGHT TO ATTORNEY" and that she understood everything on the form. That form contained (and required Cermelj to acknowledge that she understood) numerous advisories, including that:

- "many laws and legal procedures are complicated and that legal assistance is vital";

6

- the State is represented by counsel, and "I will be at a disadvantage in terms of knowledge and understanding of trial practice and procedure";

- "the Court will not tolerate any attempt on my part to disrupt or abuse the dignity of the courtroom"; and

- "if I am dissatisfied with the result of the trial, I may not be allowed to argue on appeal that I was not competent to represent my self [sic]."

Cermelj placed her initials next to each item on the form and signed the attestation, in the presence of the District Court Judge, that she understood her rights:

> [THE COURT:]  So, Ms. Cermelj, I've been handed a waiver -- a defendant's waiver of right to attorney form. On the left-hand side of the form, there are a number of initials.
>
> Whose initials are those?
>
> MS. CERMELJ:  Mine.
>
> THE COURT:  And did you initial each paragraph after having carefully read it?
>
> MS. CERMELJ:  Yes.
>
> THE COURT:  Did you understand each paragraph?
>
> MS. CERMELJ:  Yes.
>
> THE COURT:  On the last page, there's a signature there.
>
> Who's [sic] signature is that in the middle of the form.
>
> MS. CERMELJ:  Hope Alohalani Cermelj.  Mine.
>
> THE COURT:  And did you sign this form acknowledging that you understood the form?
>
> MS. CERMELJ:  I understand everything.
>
> Thank you, ma'am.
>
> THE COURT:  Do you have any questions about this form?
>
> MS. CERMELJ:  No, ma'am.
>
> THE COURT:  Ms. Cermelj, how old are you?
>
> MS. CERMELJ:  71 years old.

THE COURT: How many years of school have you had?

MS. CERMELJ: 14.

THE COURT: Do you read, write and understand the English language?

MS. CERMELJ: Yes.

THE COURT: Are you presently under the influence of any drugs, medication --

MS. CERMELJ: Absolutely not.

Hare Krishna.

THE COURT: Have you ever been treated for a mental illness?

MS. CERMELJ: Never.

THE COURT: And are you thinking clearly right now?

MS. CERMELJ: Yes, ma'am.

THE COURT: Whose decision is it to waive their right to an attorney?

MS. CERMELJ: Mine and the Kingdom of Hawaii government office.

THE COURT: And is anyone forcing you to waive your right to an attorney?

MS. CERMELJ: Absolutely not.

THE COURT: All right.

Madam bailiff, can I have Ms. Cermelj acknowledge that I did go over the form with her.

THE BAILIFF: Yes, Your Honor.

Thank you.

THE COURT: All right. And I'm going to find Ms. Cermelj knowingly, intelligently and voluntarily waived her right to counsel with a full understanding of the rights and consequences.

Finally, before trial began, the District Court explained the maximum penalties that could be imposed upon Cermelj if she were to be convicted.

In sum, Cermelj knowingly and voluntarily waived her right to counsel and elected to represent herself. The District Court did not violate Cermelj's right to counsel in allowing

8

Cermelj to do so.  Accordingly, there is no basis to overturn the judgment of the District Court.

The District Court's August 29, 2024 Judgment of Conviction and Sentence is affirmed.

DATED:  Honolulu, Hawaiʻi, July 31, 2026.

On the briefs:

Hope Louise Cermelj,
also known as
Hope Alohalani Cermelj,
Defendant-Appellant.

Charles E. Murray III,
Deputy Prosecuting Attorney,
County of Hawaiʻi,
for Plaintiff-Appellee.

/s/ Clyde J. Wadsworth
Presiding Judge

/s/ Kimberly T. Guidry
Associate Judge

/s/ Daniel M. Gluck
Associate Judge